education of handicapped children in the city. Respondents maintain that they have established the necessary apparatus to implement the new sections of the Education Law above referred to, and, in addition, represent to this court that all procedural and substantive requirements of the applicable statutes and regulations will be adhered to during the coming academic year. They represent that each petitioner, together with his handicapped pupil in the city, will be assured of appropriate placement in the educational program best suited to the handicapped student's needs. We have noted that the Commissioner of Education has granted a variance to respondents to use media instruction rather than the personalized instruction previously utilized, and has agreed that media instruction as part of a complete homebound program would provide suitable educational opportunities for the children involved. Because educational policy is entrusted by statute and the Constitution to school administrators, we defer to such expertise. On the record here presented, we cannot say that such determination by the Commissioner of Education was either capricious or arbitrary. While it would appear that the cuts in programs under attack are more drastic than those implemented in schools for normal students, a claim of denial of equal protection of law cannot rest merely on the percentage of budgetary cuts in the said program (see, for example, *Matter of New York City School Bd. Assn. v Board of Educ.,* 39 NY2d 111). Concur—Birns, J. P., Capozzoli, Lane and Markewich, JJ.

In the Matter of the Accounting of LEON FINLEY, as Trustee, under a Trust Made by JACQUES L. STERN. LEON FINLEY, Respondent-Appellant; JACQUES L. STERN, Appellant-Respondent, and JACQUES F. STERN et al., Respondents-Appellants.—Order, Supreme Court, New York County, entered December 16, 1976, unanimously affirmed, without costs and without disbursements. In 1957, Stern conveyed into trust, with Finley, his attorney, as trustee, a two third's interest in premises known as 128 Central Park South. Also, at that time, Stern conveyed to Finley a one-third interest in the property in fee simple. After 16 years during which no interim accounts were rendered, the trustee sought approval of a final accounting and discharge. Three and one-half years after filing his original petition and 17 months after filing a supplementary petition, Finley moved to settle his first and final judicial account. Stern cross-moved for leave to extend his time to submit objections. Special Term granted Stern's motion, permitting objections to be filed within 30 days of publication of its decision. Finley's application to settle his account was held in abeyance. Citing the complex history of this trust, complicated by claims of Stern's incompetence and the 16-year hiatus between creation of the trust and the filing of the petition for a final account, Special Term rejected the application of strict rules governing relief from defaults. It appears to us the court acted properly in permitting the late filing of objections. The final accounting has been pending for some time, and during its pendency it was well known that objections would be filed. In fact, Finley's petition raised the issue of Stern's competence, and while Finley may not have supported the determination to hold the final accounting in abeyance until Stern's mental status was resolved, he did not take steps to enter a default. Since counsel for Finley was personally familiar with the reasons for delay, and the reasons for the proposed objections were attached to the papers, which set forth in detail the portions of the account in issue, Special Term did not abuse its discretion in relaxing the rules for formal submission to vacate a default. Any problems Finley may have in his defense of the objections would be more attributable to his waiting 16 years to account, than to the delay attribut-

able to Stern. Consistently therewith, the application to settle the trustee's account was held in abeyance. The cross motion to consolidate this motion with a pending plenary action was rendered moot when the complaint in the plenary action was dismissed. Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.

■ In the Matter of the Estate of EDGAR M. LEVENTRITT, Deceased. JENNIE L. GADOWSKI et al., Appellants; ROSALIE J. LEVENTRITT et al., as Trustees, Respondents.—Order, Surrogate's Court, New York County, entered October 20, 1976, and two orders of the same court entered February 9, 1977, the first by Surrogate Di Falco and those following by Surrogate Spiegel upon decisions of Surrogate Di Falco, unanimously affirmed, with one bill of $40 costs payable by respondents-appellants to petitioners-respondents and respondent-respondent. The first of the orders formalized the court's ruling in this construction proceeding, closing the examination of a nonparty witness, T. Roland Berner, because of insistence on delving into irrelevancies concerning construction of other trusts. In the face of that ruling, the reasons for which were spelled out in the court's written decision, respondents-appellants served notice for production of documents having to do with the identical subject ruled irrelevant, and sought further examination of Berner. Relying on the court's earlier ruling, his wife did not move within the required time for a protective order (CPLR 3122) and respondents-appellants moved for default judgment. The situation was set aright by two decisions, implemented by the two later orders, relieving her of the default, denying further disclosure, and granting a protective order. Respondents-appellants' proceedings following the first order and while it was extant were entirely unwarranted. Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.

■ In the Matter of 35 EAST 38TH STREET ASSOCIATES, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK, et al., Appellants.—Judgment, Supreme Court, New York County, entered April 6, 1976, reducing the assessments on petitioner-respondent's property for the last three tax years of the period 1969-1970 through 1975-1976, unanimously reversed, to the extent appealed from, on the law and the facts, to reinstate the assessments for the tax years 1973-1974, 1974-1975, and 1975-1976, without costs and without disbursements. The reductions for the later three years were disproportionate to the actual increase in value of the property demonstrated by 14 neighborhood sales of comparable parcels in which the ration of assessments to acknowledged value factors was markedly higher. Other factors such as increases in the amount of mortgage and building insurance are consonant only with a conclusion that the reduction was not warranted for the period examined. Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.

■ DIESEL CONSTRUCTION COMPANY, Respondent, v CHASE MANHATTAN MORTGAGE AND REALTY TRUST, Appellant.—Order, Supreme Court, New York County, entered in the office of the clerk on July 1, 1976, denying defendant-appellant's cross motion for summary judgment dismissing the action pursuant to CPLR 3212, unanimously reversed, insofar as appealed from, on the law, and summary judgment granted to defendant dismissing the action on the merits. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Appeal from order of the Supreme Court, New York County, entered in the office of the clerk on July 29, 1976, providing that the first order of July 1, 1976 construing the instrument herein was not intended to be and is not the law of the case and affording